IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL HARRIS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-00507-P |
| MERIDIAN SECURITY INSURANCE COMPANY et al., | § § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants State Auto Property and Casualty Insurance Company ("State Auto P&C") and State Automobile Mutual Insurance Company's ("State Auto MIC") (collectively "Defendants") Motion to Dismiss (ECF No. 24), Plaintiff Michael Harris's ("Harris") Response (ECF No. 30), and Defendants' Reply (ECF No. 32). Having considered the motion, related briefing, and applicable law, the Court finds that Defendants' Motion to Dismiss should be and is hereby **DENIED** as to State Auto MIC and **GRANTED without prejudice** as to State Auto P&C.

I.  BACKGROUND[1]

Harris was out of town at his daughter's gymnastics competition when his house was robbed. Am. Compl. 2, ECF No. 10. Stolen from Harris were numerous items of

---

[1]This background section is comprised of the factual allegations in Harris's Amended Complaint (ECF No. 10) unless otherwise noted. In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

personal property, including jewelry and clothing. *Id.* Harris alleges that he was insured against these losses by an insurance policy issued by Meridian Security Insurance Company ("Meridian") and administered by State Auto MIC. *Id.* Harris identifies State Auto MIC in his Amended Complaint using the name "State Auto." *Id* at 1.

Upon returning home on November 13, 2017, Harris realized he was the victim of a burglary and notified law enforcement and State Auto MIC. *Id.* at 2. State Auto MIC opened a claim and assigned the claim number "PR-0000000-191439" to track it. *Id.* at 3. Harris alleges that he was fully compliant with law enforcement and State Auto MIC in order to "seek justice and to be compensated for his losses," but that State Auto MIC embarked on an "unfair, unethical, unprofessional, deceptive, and illegal pursuit" to avoid the legal obligation to compensate Harris for his losses. *Id.*

Within 30 days of the incident, Harris filed a claim and submitted the requested documents to State Auto MIC so that his claim could be reviewed and processed. *Id.* Harris alleges that State Auto MIC delayed the process and waited almost four months to send a reservation of rights letter dated March 13, 2018. In the letter, State Auto MIC indicated that it was still evaluating coverage and investigating the loss and requested an examination of Harris under oath, a sworn proof of loss, copies of Harris's Discover Card and Sam's Club credit card statements, and an authorization for State Auto MIC to obtain other documents. *Id.* Harris claims he provided the requested proof of loss, submitted to an examination under oath, and provided the requested credit card statements. *Id.* However, Harris refused the authorization request as he had previously signed and returned an authorization for State Auto MIC to obtain documents and did not wish for State Auto MIC

2

to obtain the medical records and tax returns that it was seeking in this more recent request. *Id.*

On February 25, 2019, State Auto MIC sent Harris a letter denying his claim signed by Sherri King, the adjuster who handled the claim. *Id.* at 4. The letter cited Harris's refusal to provide documentation of his loss and his refusal to sign any authorization to obtain documents that would help substantiate his claim as the reason for the denial of coverage. *Id.* Harris claims the allegations by State Auto MIC are false and that he complied with the investigation to the extent that the law required. *Id.* Harris provided over 1,200 pages of documents and photographs, and signed an authorization for State Auto MIC to obtain other documents as necessary, only refusing to allow for medical records and tax documents to be obtained by State Auto MIC. *Id.* Harris claims the reasons for denial stated in the letter were either false or illegal and did not pertain to the stolen property but rather were personal matters that should not have been addressed by State Auto MIC and would not help State Auto MIC determine whether the stolen items were covered. *Id.*

Harris filed suit in state court against "State Auto Insurance Companies." *See* Notice of Removal, ECF No. 1. Upon removal by Meridian, Harris amended his complaint (ECF No. 10). In his amended complaint, Harris brought claims for breach of contract, four violations of the Texas Insurance Code, and three violations of the Texas Deceptive Trade Practices Act ("DTPA"). *See* Am. Compl., ECF No. 10. All claims are made against State Auto MIC and Harris makes no allegations or claims against State Auto P&C. *Id.* State Auto MIC, along with State Auto P&C, filed a motion to dismiss claiming that Harris failed to state a claim for which relief may be granted because they did not enter into a contract

with Harris. *See generally* Mot. Dismiss, ECF No. 24. They further argue that because there was no valid contract between Harris and State Auto MIC or State Auto P&C, neither may be held liable for violations of the Texas Insurance Code or DTPA. *See* Br. Supp. Mot. Dismiss, ECF No. 25. The motion to dismiss is now ripe for review.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## III. ANALYSIS

### A. Breach of Contract Claim Sufficiently Pleaded

State Auto MIC's first argument is that it did not enter into a contract with Harris, so it is impossible for State Auto MIC to have breached a contract with Harris. *See* Br. Supp. Mot. Dismiss 6, ECF No. 25. Harris responds that State Auto MIC officers signed

5

his insurance policy and subsequently breached the policy and that he has thus sufficiently pleaded breach of contract to survive the motion to dismiss.

Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). In order to have a valid and binding contract, there must be: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Id.* Proper parties to a contract include the parties to the contract, assignees of the parties to the contract, agents entitled to sue on behalf of the parties to the contract, and intended third-party beneficiaries of the contract. *See McCord v. Prudential Ins. Co. of America*, Civil Action No. 1:10-CV-413, 2011 WL 3240486 at *7 (E.D. Tex. July 1, 2011) (citing O'CONNOR'S TEXAS CAUSES OF ACTION 69 (2011)). Parties to a contract are the signatories to the contract or those who have otherwise indicated their consent to be bound by the contractual promises. *See Willis v. Donnelly*, 199 S.W.3d 262, 271–72 (Tex. 2006). Privity of contract exists when the parties have formed a relationship that allows them to sue each other based on their contractual duties. *See McCord,* 2011 WL 3240486 at *7.

State Auto MIC claims that because Harris labels them as "administrators" of the policy and not the issuer, it is not in a contractual relationship with Harris and Harris has not stated a claim for breach of contract. Br. Supp. Mot. Dismiss 6, ECF No. 25. In the

Amended Complaint, Harris alleges that: he had an insurance policy with State Auto MIC, State Auto MIC evaluated his claim and issued the claim number, State Auto MIC was responsible for the requests and paperwork he submitted, and State Auto MIC issued the denial letter through its employee, Sherri King. Am. Compl. 3–6, ECF No. 10. Further, Harris points out that the insurance policy in question, attached both to State Auto MIC's Motion to Dismiss and Harris's Response, is signed by officers of State Auto MIC officers. *See* Resp. Mot. Dismiss 5, ECF No. 30.

When reviewing the pleadings in the context of a motion to dismiss, the Court assesses the legal feasibility of the complaint and not the weight of the evidence that might be offered in support of said claims. *See Matrix Oncology, L.P. v. Priority Healthcare Corp.*, 2006 WL 8438380, Civil Action No. 4:05-CV-693-Y (N.D. Tex. Dec. 27, 2006) (Means, J.). Given Harris's allegations against State Auto MIC and the specificity with which he describes State Auto MIC's role in the alleged breach of contract, the Court does not find it appropriate to dismiss Harris's breach of contract claim against State Auto MIC under Rule 12(b)(6).

Accordingly, because Harris has sufficiently pled breach of contract against State Auto MIC in his Amended Complaint, State Auto MIC's Motion to Dismiss Harris's breach of contract claim is hereby **DENIED.**

### B. Motion to Dismiss the Texas Insurance Code and DTPA Claims Fails

In its Motion to Dismiss, State Auto MIC argues that because there is no contractual privity between it and Harris, the Texas Insurance Code and DTPA claims should be dismissed as well. Br. Supp. Mot. Dismiss 7, ECF No. 25. Because the Court concluded

7

that Harris sufficiently pled facts to support his breach of contract claim against State Auto MIC, State Auto MIC's Motion to Dismiss the Texas Insurance Code and DTPA claims should be and hereby are **DENIED.**

### C. Claims Against State Auto P&C Dismissed

As state above, Harris's Amended Complaint makes no factual allegations against State Auto P&C. Nevertheless, State Auto P&C, in an abundance of caution, joined this motion to dismiss to ensure that no claims were filed against them. Mot. Dismiss, ECF No. 24. In his Response, Harris acknowledged that there were no claims against State Auto P&C in his amended complaint and did not contest dismissal of the breach of contract claims against State Auto P&C. Resp. 5, ECF No. 30. Harris in passing suggested that there was a possibility that a claim against State Auto P&C existed and requested leave to amend his complaint. *Id.* at 8. Accordingly, State Auto P&C's Motion to Dismiss is hereby **GRANTED** and any claims against it are **DISMISSED without prejudice.** Harris is granted leave to amend his complaint and must do so **on or before November 14, 2019.** If Harris files a Second Amended Complaint, Defendants' deadline to answer or file a responsive pleading is **21 days** from the filing of the Second Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion to Dismiss (ECF No. 24) should be and is hereby **DENIED** as to State Auto MIC and **GRANTED** as to State Auto P&C. Harris is granted leave to amend his complaint and must do so **on or before November 14, 2019.**

**SO ORDERED** on this **24th day** of **October, 2019**.

                                              Mark T. Pittman
                                              United States District Judge